Battle, J.
 

 The question raised by the plea of the defendant is, whether the facts stated, and the relief sought, in the present bill, are the same as in the bill which the plaintiff formerly filed against the defendants. The test by which this question may be decided is whether, upon the facts set forth in each bill, the plaintiff would be entitled substantially to the same measure of relief. Tried by this test, we think it will be found that the plea was sufficient, and ought to have been sustained.
 

 The only fact of any consequence, alleged by the plaintiff in her last bill, which was not contained in the first, is that she had tendered the residue of the purchase-money for the land, before the latter bill was filed, whereas, in the former, she stated that she refused to pay it for the reason therein set forth. But notwithstanding this, she might have had, under the alternative prayer of her first bill, a decree for at least the title, which the defendant Johnston had, by his written agreement, bound himself to make upon the payment by her to him, of the amount still due for the purchase-money. In ordinary cases, she might under such, circumstances, have been required to pay costs, but as she had been permitted to sue in
 
 forma pauperis,
 
 even the payment of costs for having filed her bill before the payment or tender of the whole of the purchase-money, would not have been decreed against her. This is the same relief which the Court might have given her on the last bill, without proof of the fraudulent practices of the defendant Johnston in having a good quit claim deed inserted in the written agreement instead of a good deed of bargain and sale in lee simple. If proof of the fraud alleged would have entitled her to any or further relief, she might have had it just as W’ell under her first, as under her last bill, and it was her own fault not to have dismissed her first bill without prejudice, if she were forced to a hearing before she had prepared her proofs. This, she had a right to
 
 *152
 
 do under our practice ; (see Adams’ Eq. 373, as to the English practice, before the order of May, 1815). So, if the Court erred in dismissing her bill, instead of giving her the relief first above indicated, it was her fault not to appeal to the Supreme Court, where the error would have been corrected.
 

 Our opinion is that the order, overruling the defendants’ plea, was erroneous, and must be reversed, and that the bill must be dismissed.
 

 Per Curiam, Decree accordingly.